## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

PEDRO NICHOLAS HOLGUIN,

      Plaintiff,

vs.                                       No. 1:20-cv-00667-KWR-SMV

UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO
OFFICE OF THE CLERK,

      Defendant.

### MEMORANDUM OPINION AND ORDER OF DISMISSAL

**THIS MATTER** is before the Court *sua sponte* under Fed. R. Civ. P. 41(b) on the Prisoner's Civil Rights Complaint filed by Plaintiff Pedro Nicholas Holguin (Doc. 1).  The Court will dismiss the Complaint without prejudice for failure to comply with a Court order and failure to prosecute.

Plaintiff Holguin filed his civil rights Complaint on July 8, 2020.  (Doc. 1). Holguin did not pay the filing fee.  Instead, he submitted a Prisoner's Motion and Affidavit to proceed *in forma pauperis* under 28 U.S.C. § 1915 at the time he instituted this proceeding. (Doc. 2).  However, his application to proceed *in forma pauperis* did not include the 6-month inmate account statement required by 28 U.S.C. § 1915(a).  The application stated "I have attached my account balance, my most recent one," however no account statement was attached to the application. (Doc. 2).

On July 9, 2020 the Court entered an Order to Cure Deficiency, ordering Holguin to submit the required 6-month inmate account statement within 30 days of entry of the Order.  (Doc. 3 at

1). The Order also notified Gooden that, if he failed to comply with the Order, the case could be dismissed without further notice. (Doc. 3).

Section 1915(a) provides:

"A prisoner seeking to bring a civil action or appeal a judgment in a civil action or proceeding without prepayment of fees or security therefor, in addition to filing the affidavit filed under paragraph (1), **shall submit a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint** or notice of appeal. . ."

28 U.S.C. § 1915(a)(2) (emphasis added). More than 30 days has elapsed since entry of the Court's July 9, 2020 Order and Holguin has not submitted the 6-month inmate account statement, responded to the Order, or communicated in any way with the Court since he filed this proceeding.

Pro se litigants are required to follow the federal statutes, rules of procedure, and simple, nonburdensome local rules. *See Bradenburg v. Beaman,* 632 F.2d 120, 122 (10th Cir. 1980). Plaintiff Holguin has failed to comply with a Court order and failed to prosecute this action by not submitting the 6-month inmate account statement required by 28 U.S.C. § 1915(a) or communicating with the Court. The Court may dismiss an action under Fed. R. Civ. P. 41(b) for failure to prosecute, to comply with the rules of civil procedure, or to comply with court orders. *See Olsen v. Mapes,* 333 F.3d 1199, 1204, n. 3 (10th Cir. 2003). Therefore, the Court will dismiss this civil proceeding pursuant to Rule 41(b) for failure to comply with the Court's July 9, 2020 Order and failure to prosecute this proceeding.

**IT IS THEREFORE ORDERED**

(1) the Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 filed by Plaintiff Pedro Nicholas Holguin (Doc. 2) is **DENIED**; and

(2) the Prisoner's Civil Rights Complaint filed by Plaintiff Pedro Nicholas Holguin (Doc.

1) is **DISMISSED WITHOUT PREJUDICE** under Fed. R. Civ. P. 41(b) for failure to comply

with Court order and failure to prosecute.


**KEA W. RIGGS**
**UNITED STATES DISTRICT JUDGE**